# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2015

Lyle W. Cayce
Clerk

No. 14-31323
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL THOMAS CUPP,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-15-1

Before BARKSDALE, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Thomas Cupp challenges his conviction and sentence following his conditional guilty plea for failure to update his sex-offender registration after traveling in interstate commerce (Louisiana to Texas), in violation of 18 U.S.C. § 2250(a). Cupp was sentenced above the advisory sentencing range under the Sentencing Guidelines to, *inter alia*, 60 months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-31323

Cupp asserts the district court erred by denying his motion to dismiss the indictment for lack of subject-matter jurisdiction. He contends federal jurisdiction existed only if he was required to register as a sex offender in Texas and failed to do so within three business days. Because he did not live, work, or attend school in Texas, he maintains he was not required to register there. He also asserts that, for federal jurisdiction to exist, he must have first traveled in interstate commerce, then failed to register in the new jurisdiction. Cupp contends, to the extent he failed to comply with Louisiana's registration requirements, only Louisiana law is implicated, and not 18 U.S.C. § 2250(a). He does not challenge his status as a sex offender, or the requirement that he register in Louisiana.

"We review the sufficiency of an indictment *de novo*, taking the indictment's allegations as true." *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007); *see also United States v. Whaley*, 577 F.3d 254, 256-57 (5th Cir. 2009). The Sex Offender Registration and Notification Act (SORNA) was enacted in 2006 to prevent sex offenders from escaping registration through interstate travel. *Whaley*, 557 F.3d at 259-60 (citing 42 U.S.C. § 16901). SORNA provides that a convicted sex offender who is required to register and travels in interstate commerce must update his registration. 18 U.S.C. § 2250(a). Further, the sex offender must register, or update his registration, in each jurisdiction where he resides within three business days after a change of residence. 42 U.S.C. § 16913(a), (b)(2).

After Cupp traveled to Texas in April 2009, he was subject to SORNA's registration requirement that he update his registration in Louisiana within three business days of his travel because he was a sex offender. *See Carr v. United States*, 560 U.S. 438, 446-47 (2010). Therefore, the district court

2

No. 14-31323

properly denied Cupp's motion to dismiss the indictment for lack of jurisdiction.

Cupp also asserts the court imposed a substantively unreasonable sentence of, *inter alia*, 60 months' imprisonment because it was above the advisory sentencing range of 18-24 months. Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Cupp does not claim procedural error.

In claiming his sentence was substantively unreasonable, Cupp contends: the court should not have considered the length of time he did not register in Louisiana; it improperly considered the need to deter others; the Guidelines account for special offense characteristics like his; and, to the extent his conduct was more egregious than the conduct of other sex offenders, a sentence near the high end of the sentencing range was more appropriate.

We consider the substantive reasonableness of the sentence in the light of the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 49–52. In imposing an above-Guidelines sentence, the court permissibly considered the need to deter Cupp and others like him, as well as the tactics Cupp used in committing the instant offense. *E.g., United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013); *United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011).

AFFIRMED.